**Elbert Lee EASLEY, Petitioner—Appellant,**

v.

**Linda J CLARKE, Respondent—Appellee.**

No. 00–16205.

D.C. No. CV–97–20391.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided Feb. 21, 2002.

---

* The Honorable Donald W. Molloy, United States District Judge for District of Montana, sitting by designation.

Before REINHARDT and FISHER, Circuit Judges and MOLLOY,* District Judge.

MEMORANDUM**

Elbert Lee Easley appeals the district court's denial of his petition for a writ of habeas corpus attacking his state court conviction for murder with special circumstances. He asserts that he was denied effective assistance of counsel at his trial, because his counsel failed to investigate and present a potentially meritorious defense of diminished capacity and/or insanity. *See Strickland v. Washington*, 466

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 In preparing Easley's defense, his attorney, John Grisez, consulted two different mental health professionals. Both professionals advised Grisez that there was no basis for an insanity or diminished capacity defense. Under the applicable law, Grisez's reliance on the experts' opinions was justified. *See Hendricks v. Calderon*, 70 F.3d 1032, 1037–38 (9th Cir.1995); *see also Wallace v. Stewart*, 184 F.3d 1112, 1116–18 (9th Cir.1999). Although Grisez did not provide the experts with background information about Easley and his case, we have held that an attorney's failure to volunteer information to an expert who does not ask for it does not show ineffective assistance at the guilt phase of a trial. *See Wallace*, 184 F.3d at 1118; *Hendricks*, 70 F.3d at 1037–38. Additionally, the defendant himself insisted on using an alibi defense. *See Bean v. Calderon*, 163 F.3d 1073, 1082 (9th Cir. 1998) (holding that there is no ineffective assistance if an attorney makes a strategic choice to pursue one defense and abandons a conflicting defense).[1]

Grisez's performance in forgoing a mental defense was not so deficient that it constituted clear error and thus an unreasonable application of *Strickland* under AEDPA, 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's denial of his habeas corpus petition.[2]

**AFFIRMED.**

---

1. Were we faced with a failure to investigate and present psychiatric evidence in mitigation during a penalty phase, our result would probably be different. *See, e.g., Silva v. Woodford*, 279 F.3d 825, 851–52 (9th Cir.2002) (holding that counsel's failure to investigate the defendant's personal and psychiatric history constituted ineffective assistance during the penalty phase but not during the guilt phase); *Wallace*, 184 F.3d 1112 (holding that the failure to present mental health evidence in mitigation at sentencing constituted ineffective assistance but that the failure to present a mental health defense at trial did not); *Caro v. Calderon*, 165 F.3d 1223 (9th Cir.

1999) (same); *Bean*, 163 F.3d at 1073 (same); *Clabourne v. Lewis*, 64 F.3d 1373 (9th Cir. 1995) (same); *Hendricks*, 70 F.3d 1032 (same).

2. We think it clear, however, that Easley made the requisite substantial showing of the denial of a constitutional right to merit this court's issuance of a certificate of appealability. District courts should not be grudging in issuing such certificates, especially where a lengthy sentence, such as life without parole, has been imposed.